```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FELIX ALMANZAR a/k/a ANGEL DIAZ,

                    Plaintiff,
                                          MEMORANDUM AND ORDER
        - against -
                                          08 Civ. 8612 (NRB)
DR. ROLANDO NEWLAND, LAURIE A.
KORENBAUM, JAMES N. CROSS,

                    Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiff Felix Almanzar ("plaintiff") has filed a Motion for Injunctive Relief requesting that the Court enjoin the Department of Homeland Security ("DHS") from deporting him. For the reasons explained below, the Court denies the motion.

## BACKGROUND

    Plaintiff is currently a prisoner in the custody of the United States. In 1998, he was removed from the United States to the Dominican Republic pursuant to the order of an immigration judge that was issued following his conviction in New York Supreme Court for attempted criminal sale of a controlled substance. Plaintiff later reentered the country and was apprehended by law enforcement. He pled guilty to illegal reentry subsequent to a conviction for commission of an

aggravated felony. In a judgment entered on December 12, 2008, he was sentenced to twenty-seven months in prison.

Plaintiff began serving his time at the Metropolitan Correctional Center ("MCC"). His complaint in this action alleges that while housed at the MCC, he was provided with inadequate medical care.[1] In early 2009, plaintiff was transferred from the MCC to the Moshannon Valley Correctional Facility ("MVCF").

On March 30, 2009, DHS reinstated the order of removal originally entered in 1998. Plaintiff is currently scheduled to be released from the MVCF on September 24, 2009. (Plaintiff's Motion for Injunctive Relief ("Pl. Mot.") at 1.)[2] Upon release, plaintiff will be taken into custody by DHS and eventually deported.

Plaintiff's Motion for Injunctive Relief asks the Court to enjoin DHS from deporting him. Plaintiff argues that the deportation "will result in extreme hardship" to him because he will be unable to travel to the country for his lawsuit before this Court. (Id. at 2.) According to plaintiff, this "will

---

[1] More specifically, plaintiff alleges that the defendants -- Dr. Rolando Newland, Director of Medical Staff at the MCC; James N. Cross, Warden of the MCC; and Laurie Korenbaum, an Assistant United States Attorney -- were deliberately indifferent to his medical needs.

[2] Subject to a decision of the Appellate Division of the Bureau of Prisons, the release date may be changed to October 20, 2009.

2

cause an irreparable harm to Plaintiff and his complaint as Plaintiff will become unable to attend the Court hearing, testify as a witness and otherwise manage his case." (Id.)

## DISCUSSION

The principal and ultimately fatal flaw with plaintiff's motion is that the Court lacks the jurisdiction to provide the relief he seeks. In other words, the Court has no power to prevent DHS from deporting him.

Two "jurisdiction-stripping" provisions contained in the Immigration and Nationality Act ("INA") compel this result. First, the INA provides that the federal courts of appeals have exclusive jurisdiction over orders of removal, including orders of reinstatement. Under the relevant provision, a petition for review of an order of reinstatement "filed with an appropriate court of appeals" is "the sole and exclusive means for judicial review." 8 U.S.C. § 1252(a)(5) (emphasis added).[3] Second, the INA separately provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising

---

[3] There are limited exceptions to this provision, but none applies here. See 8 U.S.C. § 1252(a)(5), 1252(e).

3

from the decision of the Attorney General to . . . execute removal orders against any alien." Id. § 1252(a)(2)(D).[4]

If a district court lacks the jurisdiction to review a removal order, it follows that the court also lacks the power to stay such orders. Numerous district courts have reached that conclusion. See, e.g., Patino v. Chertoff, 595 F. Supp. 2d 310, 313 (S.D.N.Y. 2009); Nwankoso v. DHS, No. 06 Civ. 98(LEK), 2006 WL 212368, at *1 (N.D.N.Y. Jan. 25, 2006); Munoz v. Gonzales, No. 05 Civ. 6056(SHS), 2005 WL 1644165, at *1 (S.D.N.Y. July 11, 2005). This Court finds no reason to depart from this fairly obvious interpretation of the INA's jurisdiction-stripping provisions, at least on the facts presented here. Thus, the Court lacks the power to grant the relief sought by plaintiff's Motion for Injunctive Relief.[5]

In addition, plaintiff has failed to demonstrate that a denial of his Motion for Injunctive Relief would result in

---

[4] There is an exception to this provision for judicial review of "constitutional claims and questions of law," but it only applies to petitions for review that have been properly "filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). See, e.g., Ajlani v. Chertoff, 545 F.3d 229 (2d Cir. 2008).

[5] This assumes, of course, that the defendants in this case were even in a position to provide the relief at issue and stay plaintiff's order of removal. As defendants note, none of them can effectuate the relief that plaintiff seeks. The relevant parties who could implement a stay of an order of removal (upon an order of a court of appeals) are either the Attorney General of the United States or DHS. See 8 U.S.C. § 1252(b)(3)(A). Neither of those entities is a defendant in this case.

irreparable harm. Plaintiff's removal does not extinguish his claims in this case, and he is free to pursue them from abroad. It is true that proceeding with the lawsuit will likely become more burdensome once plaintiff is deported. Nevertheless, there are numerous avenues available to plaintiffs who cannot travel to the United States and who wish to litigate cases in U.S. courts. Plaintiff would not be the first litigant to maintain an action from overseas.[6]

### CONCLUSION

For the reasons explained above, plaintiff's Motion for Injunctive Relief is denied.


Dated:     New York, New York
           September 25, 2009

                                              /s/ Naomi Reice Buchwald
                                              NAOMI REICE BUCHWALD
                                              UNITED STATES DISTRICT JUDGE

---

[6] Moreover, granting plaintiff's motion would create a strong incentive for prisoners facing deportation to file frivolous lawsuits. Indeed, if an inmate could successfully claim that deportation alone would unjustifiably impede his ability to pursue an existing lawsuit, it would provide an incentive to all aliens with a pending order of removal to file a lawsuit -- regardless of its merits.

5

A copy of the foregoing Order has been mailed on this date to the following:

**Plaintiff**
Felix Almanzar a/k/a Angel Diaz
#70380-054
Moshannon Valley Correctional Center
Unit A, Pod 3
555-I Cornell Drive
Philipsburg, PA 16866-0798

**Counsel for Defendant**
Tara LaMorte
Office of the U.S. Attorney
Civil Division
86 Chambers Street
New York, NY 10007